## JOHN M. HUGHES v. G. HOWARD SPAETH.[1]

May 24, 1940.

No. 32,422.

*S. W. Jensch,* for appellant.

*J. .A. A. Burnquist,* Attorney General, and *P. F. Sherman,* Assistant Attorney General, for respondent.

HILTON, JUSTICE.

Appeal from a judgment entered on order of the district court for Ramsey county.

Plaintiff is a nonresident. His domicile is in Wisconsin. He is employed as land commissioner of the Northern Pacific Railway Company with offices in St. Paul. He commutes daily from

[1]Reported in 292 N. W. 194.

his home in Hudson, Wisconsin, to his place of employment in St. Paul.

The only question presented is whether income received from his employer while plaintiff is on a vacation outside this state is subject to income taxation by this state.

3 Mason Minn. St. 1940 Supp. § 2394-23, provides:

"(a)  The entire income of all resident or domestic taxpayers from compensation for labor or personal services, or from a business consisting principally of the performance of personal or professional services, shall be assigned to this state, and the income of non-resident taxpayers from such sources shall be assigned to this state if, and to the extent that, the labor or services are performed within it; all other income from such sources shall be treated as income from sources without this state."

Complaint is made of the lower court's holding that the amount in question must be included.

The trial court must be affirmed. We do not think that plaintiff is entitled to a deduction for the income that was paid during the time that plaintiff was on a vacation outside this state. The income tax law contemplates taxation of a nonresident's actual income received for personal services performed within this state irrespective of where that individual may be at the time of the payment. And the tax is not on a *per diem* basis but on the income for such services as a unit. The law is concerned with totals and not with the *per diem* return. This is the only realistic approach. Obviously plaintiff's worth to his employer was only in terms of a long-term employment which had continuity in performance. The law seeks to tax on a realistic basis, and the most practical method is to treat the employment the same as the contracting parties do. We cannot concur in the contention that the income tax law is a *per diem* law as to nonresidents. The whole system of taxation is geared to a tax on income received for services performed within this state. It is not material how many days the nonresident works except for the qualifying 150 days. What is important, however, is how much the

nonresident received for the services actually rendered. The law is not concerned with the particular, convenient periods the parties arrange for payment. It is directed to only one thing—taxation of the income for services in this state.

While it may be that some of the income from his employment was paid to plaintiff while he was outside this state, nevertheless the actual basis for that income was the services he performed as land commissioner and not the vacations that he took elsewhere. As stated by the trial court, people are paid for working and not for taking vacations. When payment was made is not material, but for what it was made is. Consequently it is not controlling that payment occurred while plaintiff was on a vacation. While he might have been paid for this period, that payment can only be justified in terms of the actual services he rendered in Minnesota. The vacation was a mere incident of the relationship of the contracting parties. The controlling factor is whether the income received during this time was actually the product of the employment and services in this state. For purposes of taxation, plaintiff's entire salary, whether paid during a vacation period or while in his office in St. Paul, must be regarded as a unitary return for services rendered in this state. Therefore it must be included in the gross income under § 2394-23(a). The proportions adopted by the trial court were correct.

The judgment is affirmed.